UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON BRUE (#507020)　　　　　　　　　　CIVIL ACTION

VERSUS

BURL CAIN, WARDEN　　　　　　　　　　　　NO. 13-00060-BAJ-RLB

O R D E R

This habeas corpus matter comes before the Court on Petitioner Brandon Brue's **Motion to Amend or Supplement § 2254 Petition and Hold the Petition in Abeyance to Exhaust State Remedies (Doc. 4)**. The motion shall be denied for the following reasons.

The instant habeas corpus application presents numerous claims, including three enumerated claims of ineffective assistance of counsel, which have apparently been exhausted through the state courts. The Petitioner asserts, however, that he currently has pending before the state courts a second-filed application for post-conviction relief, which, while not asserting a new claim of ineffective assistance, seeks to present purported newly-discovered evidence in support of the previously-asserted claims. Notably, an affidavit prepared by his trial attorney, which the Petitioner contends supports his claims that his attorney failed to present an alibi defense, failed to investigate or call alibi witnesses at trial, and refused to allow the Petitioner to testify.

Before seeking a federal writ of habeas corpus, a state prisoner must first exhaust available state court remedies, thereby giving the state courts an opportunity to pass upon and correct the alleged violations of the state prisoner's rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present all of his claims in each appropriate state court, including a state supreme court with the power of discretionary review. 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

A District Court has the authority to either stay or dismiss a federal habeas corpus action pending the resolution of state court exhaustion proceedings. Brewer v. Johnson, 139 F.3d 491 (5th Cir. 1998); Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, because the granting of a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay and abeyance is only appropriate when the District Court determines that there is arguable good cause for the petitioner's failure to exhaust his claims first in state court. Neville v. Dretke, 423 F.3d 474 (5th Cir. 2005). See also Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Moreover, even if the petitioner shows good cause for such failure, the District Court will abuse its discretion if it grants a stay when any unexhausted claims are plainly meritless. Id.

In the instant case, the Petitioner's habeas corpus application does not present a "mixed petition", i.e., one with claims which are partially exhausted and

partially not, which petition is normally subject to dismissal without prejudice. See Alexander v. Johnson, 163 F.3d 906 (5th Cir. 1998). Instead, it appears that each of the Petitioner's claims has in fact been presented to the state courts, and he merely seeks to present purported new evidence in support of those claims. However, even if such a circumstance would justify a stay and abeyance of a pending federal habeas corpus proceeding, the Court finds that the Petitioner has not made a showing of good cause for his failure to present the purported new evidence to the state courts in his initial post-conviction relief application. Specifically, the Petitioner does not explain why he could not have requested or obtained the referenced affidavit from his attorney during the course of the earlier state court proceedings.

Moreover, the Court finds that the referenced affidavit does not present newly discovered evidence or evidence which would clearly entitle the Petitioner to relief. Specifically, the Petitioner has been aware of the facts stated in the referenced affidavit since the time of trial, i.e., that his attorney purportedly did not call alibi witnesses or allow the Petitioner to testify at trial. Further, instead of clearly supporting the Petitioner's contention that his trial attorney failed to investigate or present an alibi defense and refused to allow the Petitioner to testify at trial, the referenced affidavit states only that the Petitioner's trial attorney (1) "did investigate" the petitioner's alibi witnesses but decided not to call them ("against [the petitioner's] wishes"), and (2) "advised [the Petitioner], against his wishes, not to take the stand

in his own defense." (emphasis added).  These statements permit the inference that the attorney's actions were more in the nature of strategic determinations made at the time of trial, and do not compel the Court to conclude that the attorney's actions constituted lapses or deficiencies that clearly point to constitutional ineffectiveness.

Thus, the Court concludes that the Petitioner is not entitled to a stay and abeyance in the instant case.[1]

Accordingly,

**IT IS ORDERED** that the Petitioner's **Motion to Amend or Supplement § 2254 Petition and Hold the Petition in Abeyance to Exhaust State Remedies (Doc. 4)** is **DENIED**.

Baton Rouge, Louisiana, this 10th day of May, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Finally, it does not appear that there is any clear need for a stay of the proceedings in this case. One of the principal reasons for permitting a stay and abeyance in a pending federal habeas corpus matter is as a protective measure to avoid potential untimeliness where the petitioner has only a limited amount of time remaining in the limitations period and where such time may elapse between the conclusion of state post-conviction proceedings and the filing of the petitioner's federal habeas application. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In the instant case, however, to the extent that the Petitioner has pending before the state courts a properly-filed second application for post-conviction relief, the one-year limitations period provided by 28 U.S.C. § 2244(d) would remain tolled.  And inasmuch as the Petitioner's current federal habeas corpus application is now pending before this Court and is not subject to dismissal as being a "mixed petition," the Petitioner does not appear to face the specter of that potential prejudicial delay.